Curia, per Withers, J.
-The testator resided and died in the district of Lexington: he directed, in his will, that it should be proved before, and that his executor should account to, the Ordinary of Newberry district. He left surviving him as heirs at law and beneficiaries under his will a widow, and a child, under age. By consent of the widow the testament was admitted to probate in common form, by the Ordinary of Newberry. She afterwards demanded probate in due form, of law, and objected to the jurisdiction. We are to determine whether the plea to the jurisdiction was well sustained by the Ordinary of Newberry, and the Circuit Judge, upon appeal.
By the 10th sec. of the Act “concerning the office and duties of Ordinary” 11 wills shall be proved before the Ordinary of the district where the testator resided; or, he having no place of residence within the State, in the district where the greater part of his estate may be.”
The idea advanced in behalf of the motion here, is this: that the clause cited is directory merely, and that the Court of Ordinary is one of general jurisdiction: Wherefore, the officer of that Court who may have taken jurisdiction, in the first stage, of a will, cannot be ousted of cognizance of the cause, in favor of another officer of the same Court, administering in another district, and by virtue of the said clause.
Various ideas are necessarily attached to the words “general jurisdiction ” and “ limited jurisdiction,” dependant upon differing circumstances. As to the subjects of litigation, a Court may be invested with the most extended jurisdiction: yet territorially it may be confined to narrow and very definite limits. In the case of one of our own body, a Judge of the Court of Common Pleas and General Sessions, an example is presented, for no more ample jurisdiction is known, as to the range of subject matter, throughout the organization of judicial tribunals, than that which is wielded by one of our body. Yet the tribunal of the Common Pleas and General Sessions which exists for Lexington district, and that alone, can deal with the trial of the right to a tract of land situate in that district, or a murder perpetrated within its judicial limits.
The tribunal of the Ordinary’s Courtis limited territorially, not only as to the subject matters of his judgment, but further in that the magistrate himself is a stationary Judge. The words “power, jurisdiction, authority” have been used *209 indifferently, as to the office of the Ordinary, in our constitution and laws. As to the tenure of his office, it has been de-cidod that he is included within the amendment of the Constitution of 1828, by the description of one “whose authority is limited to a single judicial district.” It was said in that case “it is not pretended that the Ordinary has jurisdiction of causes arising, or of persons residing, without the limits of his district.”
Now the clause of the Act of 1839, heretofore cited, declares the rule which shall decide in what district the cause (being the probate of a will) arises, in two specified cases, one of which distinguishes the case before us, to wit, the residence, at his death, of Henry Gallman in Lexington district. This cause, then, arose and exists in that district; by the positive terms of the law, it is carried to no other than the Court of Ordinary of that district, and to that exclusively. When any case arises, such as has been supposed at the bar, presenting dubious circumstances, the question to be presented will be, in what district does the subject matter of jurisdiction exist l That being settled, according to the best tests which the case may allow, will always designate the particular Ordinary who is to be charged exclusively with jurisdiction. That certain powers may be exercised, beyond the prescribed territorial limits of a local Judge or Court, as auxiliary incidents towards the trial of a cause or the enforcement of judgment, does not enlarge jurisdiction, as wa-s well remarked in the case cited from Cheves.
Of course no consent can give jurisdiction to a tribunal or a magistrate, peremptorily excluded by law: nor in the case before us was consent ever given by all who were interested in the matter, even if such acquiescence, could avail. Indeed, it is not perceived- that in any point of view the widow herself, who gave consent to the action of the Ordinary of New-berry in one stage of this transaction, should be estopped thereby, when the testament is to be proved in solemn form.
It is fit that we should insist upon a steady and faithful enforcement of the law which regulates this subject. The district where a testator resided will afford, in general, the most ample and satisfactory testimony, at the most convenience to parties and witnesses, on all questions that may arise upon an issue, concerning a will — and a jury of the vicinage, or a local magistrate, always presumed to be capable and impartial, can better resolve the testimony adduced, than any others. A loose application of the law, upon this subject, may involve many evils. The test, which designates the particular Ordinary who shall admit a will to probate, also points to him exclusively as the magistrate who is to perform sundry other important acts — for example, in case of intestacy, “ the Ordinary of the district where the will of such person, had *210 he left a will, would have been proved,, shall grant adminis-Nation” &c. According to the same test the particular Ordinary is ascertained who shall grant letters of administration cum testamento annexo. So likewise, where there has been partial administration, by executor or administrator. So in reSard io derelict estates. No other but the specially desig-Mated Ordinary can exercise the high power of enforcing the production of a will withholden; and so on.
The conclusion is, that the view taken on the circuit, in this case, is very well sustained, both by the letter of the law and all the reasons that pertain to the policy which prompted it.
The motion must, therefore, be refused.
Evans, Wardlaw, and Frost, JJ., concurred.

Motion refused.